WILLIAM P. WRIGHT, Respondent, *against* GEORGE S. WRIGHT, Appellant.

(Decided February 5th, 1877.)

Where there are two legally distinct accounts existing between plaintiff and defendant, the latter, whose defense is set-off of sums paid upon drafts drawn upon him by plaintiff, cannot be allowed to testify that he intended to apply the payments to the account which is the subject of plaintiff's claim, after testifying and producing clear proof that he had previously applied the payments on the other account.

*It seems*, that where no application of a payment is made by either party, and there are two accounts, the law will presume the payment to have been made by the

party in discharge of his obligation as trustee, having sureties for the faithful performance of his trust, rather than in discharge of a simple debt, created by operation of law.

APPEAL by the defendant from a judgment of this court entered in favor of the plaintiff, upon the report of William Watson, Esq., as referee, to whom it had been referred to hear and determine the issues.

The action was brought by William P. Wright against his brother, George S. Wright, who was administrator of their father's personal estate and who had also collected the rents of the real estate which had belonged to his father, to recover plaintiff's share of such rents and profits. The answer contained a defense of set-off, embracing several items, among which were two of $1,000 each, as "money advanced" to plaintiff at his request in payment of drafts. These drafts, which were drawn upon defendant, the answer also alleged were paid "for the accommodation of the plaintiff."

The drafts were put in evidence at the trial. One, dated March 15th, 1870, was drawn on account of plaintiff's distributive share in his father's estate ; the other, dated Nov. 7th, 1870, was drawn generally " on account." To the first draft was annexed a receipt acknowledging payment of the amount as plaintiff's distributive share in his father's estate. Upon the defendant's cross-examination, it appeared that he had at his accounting as administrator, before the surrogate of Westchester county, included the two drafts in a statement then presented to the surrogate as amounts paid William P. Wright, on account of his distributive share of his father's estate.

The referee afterwards refused to allow the defendant to testify what was his intention as to the application of the payments, and to the ruling the defendant excepted. The referee found that no proof was produced by the defendant in support of the defense of set-off as respects the two drafts, and to this finding defendant also excepted.

*Clarkson N. Potter*, for appellant.

*Alex. Thain,* for respondent.

ROBINSON, J.—The rule of law, as to the appropriation of payments, when different accounts exist between the parties, is correctly stated by the learned counsel for the defendant, as follows : The debtor is entitled to apply any payment he makes to whatever account he pleases ; if he makes no application the creditor is then at liberty to apply it as he pleases, and if neither apply the payment to any particular debt, the law will apply it as may be just and equitable. The parties to the controversy are brothers ;—sons, heirs-at-law, and next of kin, of their father John. T. Wright deceased, of whose personal estate the defendant is also administrator. As coheir and tenant in common of the real estate he collected the rents and profits, and this action is brought by plaintiff to recover his proportion thereof, as allowed by 1 R. S. 750, § 9.

The question presented on the trial was to the right of set-off claimed as to two drafts drawn by plaintiff, in March and November, 1870, from Olympia, W. T., on defendant at New York, for $1,000 each, the first drawn and receipted for as "on account of plaintiff's distributive share in his father's estate," and the other generally on account. In an accounting had by the defendant as administrator before the surrogate of Westchester county for the personalty, he, in his verified account and in an accompanying schedule presented in 1875, charged the plaintiff and claimed credit for these two payments to plaintiff as advances to the next of kin, and the fact has not been contested by the latter. In the absence of any decisive proof of the character of the payments the law would raise, without further explanation, a presumption that the second advance was a payment on the like account as the first, and there is no legal or equitable consideration which would require its application, either as a payment or counter claim by way of set-off to the claim for rent of real estate owned by him, and collected by the defendant, rather than towards plaintiff's distributive share of the personalty. On the contrary, the application, in the absence of any election by either party, ought rather to be

made in discharge of the defendant as trustee, having sureties for the faithful performance of his trust, rather than to a mere simple debt created by operation of law, the former being the most stringent and onerous. The decision of the referee, to this effect, was but just and proper. After such positive oath of the defendant as to the original application of these payments, his attempt to withdraw it from that account, and to use the amount of one or either of these drafts not by way of payment, but of set-off, in the present action, is untenable, and the offer of the testimony foreshadowing such a purpose was properly rejected. His offer was as follows : " That the defendant had been appointed administrator of his father, and believing the rents of the premises were part of his estate to be collected by him as administrator, had so received the same; " and it being overruled, his counsel excepted. There is no pretence thereby disclosed, that he had so commingled these rents with the personal estate in his accounting before the surrogate, that plaintiff had already received a just and proper credit for them. On the contrary, it affirmatively appeared that in the schedule on such accounting of receipts as administrator, the moneys collected by defendant for rent were not included. The offer was therefore pointless, so far as it would tend to establish any legal or equitable defense, and was not admissible under any aspect as aiding the counter claim by way of set-off set up in the answer. Under these views the ruling of the referee in rejecting the evidence offered was correct. The judgment should be affirmed.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed.