(91 Misc. Rep. 340)

### BLEDERBERG v. NATIONAL SURETY CO.

(Supreme Court, Special Term, New York County. July, 1915.)

PAYMENT ☞41—APPLICATION—APPLICATION BY COURT.

Depositors, who, after the date on which liability on a bond given to secure depositors became fixed, made numerous withdrawals, which more than equaled the amount of their deposits on that date, also made many subsequent deposits. Upon insolvency of the bank they claimed they were entitled to share in the bond. *Held* that, as no application of the pay-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ments of the withdrawals had been made by the parties, the law would fix the application, and would apply such payments to the deposits on hand when liability on the bond was fixed; hence the depositors could not share.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 115–120; Dec. Dig. ☞41.]

Action by George Blederberg, suing on behalf of himself and others, against the National Surety Company. On motion to confirm the referee's report, opposed by McGuire and Gaffney. Motion granted.

Alex. I. Hahn, of New York City (Samuel Hoffman, of New York City, of counsel), for plaintiff.

Henry P. Velte, of New York City (Frank Moss, of New York City, of counsel), for claimant Bernhard.

Robert E. McLear, of New York City, for claimants McGuire and Gaffney.

GIEGERICH, J. The question presented involves the rights of depositors with a failed private bank to share in the proceeds of a $15,-000 bond filed pursuant to chapter 479 of the Laws of 1908. The total amount of the claims which the referee reported as entitled to share in the proceeds of the bond is $20,467.40; consequently none of the depositors can be paid in full. No objection is made to the confirmation of the referee's report, except by two claimants who had moneys on deposit with the failed bank on the 31st day of August, 1910, which was the date on which the liability upon the bond in question expired. After that date the claimants made numerous deposits in their respective accounts, and also made withdrawals prior to the day when the bank failed, the aggregate of which withdrawals in each case more than equaled the amount of money on deposit on the day the liability under the bond ceased. The referee decided against the two objecting claimants, on the theory that, where neither the creditor nor the debtor has made any demand for any specific application of the moneys withdrawn or paid out, the law would apply the payments in extinguishment of the earliest indebtedness.

Both the plaintiff, who submits a brief in support of the referee's view, and the attorney for the claimants, treat the question as one governed by the principle of the application of payments, and I shall so dispose of it. The plaintiff relies upon Truscott v. King, 6 N. Y. 147, Wright v. Wright, 7 Daly, 55, and Jackson v. Johnson, 11 Hun, 509, all of which were decided on the principle that, where neither the debtor nor the creditor directs or makes any application of the particular payment to any particular item or indebtedness, then the law will apply the payment to the earliest one. On behalf of the claimants chief reliance is placed upon Bank of California v. Webb, 94 N. Y. 467, where it was said that money paid without any application thereof by the debtor then became the money of the creditor and subject to his control of its application, and that as between him and the debtor, unless the debtor should intervene and request him to exercise his option, there is no limit of time within which he must make the application, save only, if neither party makes any application of the payment and

the matter comes in court, then the court will make such application as equity and justice require.

In the present case I am unable to find from the record that the complaining creditors made any application of the payments they received at the time the payments were made nor subsequently, and the matter has now come into court. Consequently the situation has arisen which, as stated in the case just cited, takes the power of application out of the hands of the creditor and devolves upon the court the duty of making the application in accordance with principles of equity and justice. No reason is advanced, nor does any appear to me, for holding that the application as made by the referee was not in accordance with such principles.

The motion to confirm the report of the referee is therefore granted. Settle order on notice.