NORTH AMERICAN FISHERIES AND COLD STORAGE, LTD., Respondent, *v.* LOUIS H. GREEN, Appellant.

First Department, February 4, 1921.

**Payment — application of payment — application on account of goods which had not been delivered at time of payment and not on account of note then due.**

In an action on a promissory note given for a balance due on the purchase price of fish in which the only question litigated was whether a payment made to the defendant was rightfully applied to the account of a trans-

action wholly unrelated to the note, it appeared that the transaction to which the payment was applied involved the purchase of fish on which a deposit had been made and that said fish were not delivered till several days after the payment in question.

*Held,* on all the evidence, that for manifest error of the trial court in instructing the jury that there was no dispute about an important issue of fact and in failing to correct the error when its attention was particularly directed to it by the appellant's counsel, the judgment should be reversed and a new trial ordered.

DOWLING, J., dissents.

APPEAL by the defendant, Louis H. Green, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of June, 1920, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*E. A. Sherpick* of counsel [*L. I. Shelley* with him on the brief; *Medina & Sherpick,* attorneys], for the appellant.

*Nathaniel Phillips* of counsel [*Samuel Walter Levine* with him on the brief], for the respondent.

GREENBAUM, J.:

Plaintiff is a Canadian corporation engaged in the freezing of fish which it markets in wholesale quantities. Its main plant is located in Nova Scotia. It is undisputed that on July 23, 1919, defendant purchased from the plaintiff 104,000 pounds of mackerel at the agreed price of $14,800 and delivered to the plaintiff a draft of $8,000 drawn by the defendant in part payment of the purchase price and a promissory note for the balance of $6,800, dated July 23, 1919, payable three months after its date.

It is upon this note that the action was brought. The eight-thousand-dollar draft was paid in due course. The only question litigated was whether defendant paid the sum of $4,000 on account of this note for $6,800. It is admitted by the plaintiff that it received from the defendant $4,000 on January 8, 1920, which it applied to the account of a transaction wholly unrelated to the note. That transaction was a contract made August 29, 1919, for the purchase by the defendant from the plaintiff of 159,000 pounds of pollock at the price of $6,360 to be delivered at Boston.

It is undisputed that such a contract was made; that on September 18, 1919, the sum of $1,000 was paid thereon as a deposit to the plaintiff; that the pollock was not to be delivered until some months after the date of the contract and that in fact it was not delivered until January 12 or 13, 1920, four or five days after January eighth, the date of the $4,000 payment.

The narrow question is, was the sum of $4,000 paid by defendant to the plaintiff on account of the pollock transaction?

The note in suit was due on October 23, 1919, so that on January 8, 1920, it was long overdue. The testimony with regard to the terms of the sale of the pollock was conflicting. Plaintiff's testimony was that the goods were sold for cash, meaning thereby that the fish was to be paid for in advance of delivery; that the $1,000 was a deposit on account of the sale and that it was expected that the balance would be paid within a reasonable time thereafter, which on such a contract would be within two or three months after the contract had been made but before the delivery of the goods.

The plaintiff when it received the $4,000 credited that amount on account of the pollock transaction. If nothing had been said as to the account upon which the payment was made, plaintiff had a right to apply it to which ever account it saw fit provided the balance of the contract price of the pollock was then due. (*Bank of California* v. *Webb,* 94 N. Y. 467, 471.)

A reading of the testimony shows that there was a question of fact presented to the jury as to whether or not the plaintiff was justified in applying the $4,000 to the pollock sale.

The appellant, however, claims that there were errors committed upon the trial which would justify a reversal of the judgment. The first of these relates to the refusal of the trial court to grant an application for an adjournment of the trial for a few days in order to enable defendant to produce a witness named Harnish, whose testimony was material on the issues that were tried. We are inclined to think that sufficient reasons were presented to justify the granting of a brief adjournment of the trial, but nevertheless we are of opinion that the court did not exceed its discretion and that the verdict should not be disturbed on that account.

The next alleged error upon which defendant relies is that the court erred in refusing to charge the jury that if there was nothing due on the pollock sale at the time of the payment of $4,000 they must find that the payment was made on account of the mackerel, that is to say, on account of the note in suit. The court refused to charge in the language as requested, but stated that it would " charge that if the jury determine that there was no payment due on the pollock at the time of the payment of the $4,000, that that is a circumstance that the jury may consider in connection with all the other circumstances of the case as to how the payment was made."

There was testimony given in behalf of plaintiff that would have warranted the jury in finding that it was understood that the payment of $4,000 was to be applied to the pollock account. Under these circumstances the charge of the learned trial justice was unassailable.

It seems to us, however, that the court committed a serious error in charging the jury that " the pollock account was an open account, there is no dispute about that." As matter of fact there was a dispute about that. Defendant's counsel at the close of the judge's charge said: " I desire to take exception to your charge that there is no dispute as to the pollock account being an open account; we dispute it strongly. The Court: Your client testified that that account was open. Mr. Sherpick: I take exception to your Honor's ruling. The Court: All right, sir." The defendant testified that the pollock was sold upon the agreement that the balance of the purchase price was to be paid after the fish was delivered and that there was nothing due on that sale on January eighth. There was thus a disputed question of a material fact which should have been submitted to the jury and when the court's ·attention was called to the statement in the charge that there was no dispute as to the pollock account being an " open account " it should have corrected the error.

The respondent in its brief attempts to justify the statement of the court that it was an open account upon the ground that legally the word " open " has been defined to mean an account " that is not closed." It seems to us, however, that we must consider the words " open account " as the jury would have naturally understood the meaning of those words

and as the court evidently meant them to be understood. The jury was justified in assuming that the words " open account " meant that it was an account that was due. We are constrained, therefore, to reverse the judgment.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

SMITH, J., concurs; CLARKE, P. J., and PAGE, J., concur in result; DOWLING, J., dissents.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.