PHILIPPINE NATIONAL BANK, Plaintiff, *v.* BOWRING & COMPANY, Defendant.

Supreme Court, New York County, April 24, 1924.

Banks and banking — action to recover $90,000 advanced by plaintiff under letter of credit to defendant's agent — responsibility for acts of agent assumed by defendant — agent overdrew on defendant's account and diverted funds — plaintiff entitled to judgment and to apply deposits against agent's earlier overdrafts.

In an action to recover $90,000 advanced by plaintiff bank under letter of credit to defendant's agent the plaintiff is entitled to judgment where it appears that defendant applied to plaintiff bank and received a letter of credit in favor of its agent for $150,000; that drafts were to be drawn with documents attached, but by a so-called " red clause " the bank was authorized to advance to the agent such cash as may be required up to $90,000 to pay for the merchandise, taking the agent's receipt stating that the merchandise " is to be shipped in accordance with the terms of the Letter of Credit;" that the defendant assumed " all risks of the acts " of the agent; and that the plaintiff increased the agent's credit limit by $90,000 when the agent delivered to it his draft for that amount together with a letter agreeing to deliver the documents covering the merchandise within a stipulated time and to a deduction of the advances given him.

The agent's letter was an adequate compliance with the " red clause."

The provision of the " red clause " providing for an advance of " such cash as may be required ＊ ＊ ＊ to pay for the merchandise " did not impose on the plain-

tiff bank a duty to go behind the assurance of the agent to deliver the documents covering the merchandise.

The plaintiff was entitled to apply the deposits against the agent's earlier overdrafts antedating the transaction in suit where there was no plea of payment.

ACTION to recover $90,000 claimed to have been advanced by plaintiff under a letter of credit.

*Giffin & Hannon* (*John T. Loughran* and *James A. Delehanty*, of counsel), for the plaintiff.

*Campbell, Whipp & Fain* (*Frederick B. Campbell* and *Paul C. Whipp*, of counsel), for the defendant.

PROSKAUER, J.  On September 28, 1920, defendant signed an application to plaintiff for a letter of credit on Manila in favor of De Poli for $150,000.  Drafts were to be drawn with documents attached, but by the so-called " red clause " the bank was authorized " to advance to the beneficiary such cash as may be required to the extent of Ninety Thousand Dollars ($90,000.00), U. S. Currency, to pay for the merchandise, taking his receipt stating that the merchandise is to be shipped in accordance with the terms of the Letter of Credit, and the relative documents handed to you when completed, advances with interest to be deducted from the proceeds of draft."  If these advances were not repaid by the creditee, " we will repay them with interest accrued to the date of payment." Defendant assumed " all risks of the acts of the user of said Letter of Credit as our agent in all respects."

De Poli had a personal account with plaintiff in Manila.  His limit of credit was 450,000 pesos.  Of this he had availed himself in the manner there customary, through overdrafts rather than by the discount of specific notes.  Upon receipt of the letter of credit issued pursuant to the application in suit, De Poli delivered to plaintiff his draft for $90,000 together with a letter stating:

" This serves to confirm my having today signed a sight draft of $90,000 in your favor to be used as a receipt for the advance granted by you against the attached credit No. 597 opened by Messrs. Bowring & Company of New York.

" In conformity with this credit I hereby bind myself to deliver documents covering 3,000 bales of hemp within the time stipulated and deduct the advance given by you with interest, from the amount of my drafts covering shipment."

He also surrendered the letter of credit, so that he could not draw against it elsewhere, to be held until the payment of drafts drawn directly under it should be indorsed thereon.  Thereupon, on October 6, 1920, plaintiff increased De Poli's credit limit by $90,000.  The amount of his overdrafts on October fifth was, with

accrued interest, approximately 447,000 pesos. Between October sixth and October fifteenth he drew 204,000 pesos, the equivalent of more than $90,000. Plaintiff here seeks to recover the $90,000 thus claimed to have been advanced under the credit.

The letter of October sixth was adequate compliance with the " red clause."

Such compliance is essential. In *Germania National Bank* v. *Taaks*, 101 N. Y. 442, the advance was to be on condition that the beneficiary should give assurance that he had cotton in process of shipment; the bank could not recover because this was not done. In *Chartered Bank of India* v. *MacFayden*, 64 L. J. Rep. (1895) Q. B. Div. (N. S.) pt. 2, 367, the advance was to be made against produce bought and paid for. The bank failed to recover because the produce had not been bought and paid for.

Here, however, the advance was to be made before the goods were bought upon the mere assurance of the beneficiary, defendant's " agent in all respects." The clause " such cash as may be required * * * to pay for the merchandise " does not impose on the bank a duty to go behind this assurance. The bank had only to place De Poli (in the language of the *Germania Bank* case) in a situation where he " could not in honor divert the cotton from that purpose, and where, if the advice was fraudulently given, they would be exposed to serious consequences." This it reasonably accomplished by the letter of October sixth. De Poli receipted for the $90,000 specifically as " *the advance* granted by you against the attached credit." Substantially this was De Poli's assurance that " *the advance* " was *the* one referred to in the credit for funds requisite to purchase the goods. He bound himself to deliver the documents within the time stipulated and to deduct the advance from the amount of the drafts covering the shipment. That he thereafter, by breach of trust, diverted these moneys from the prescribed use is a misfortune to be borne by defendant for whom he was agent. He exhausted his additional credit to the extent of more than $90,000 and defendant's contention that no advances against the letter of credit were made must, therefore, fail.

Defendant claims further that the deposits of De Poli subsequent to October sixth should be offset either as payment or as reduction of the amount actually advanced. But there is no plea of payment, and the bank was entitled to apply the deposits against De Poli's own earlier overdrafts antedating this transaction. *Bank of California* v. *Webb*, 94 N. Y. 467; *North American Fisheries & Cold Storage, Ltd.*, v. *Green*, 195 App. Div. 250.

Plaintiff informed defendant that no advances had been made against the letter of credit. This error arose because the Manila

branch of the bank regarded the "red clause" transaction as not equivalent to a specific advance against the letter of credit. This might have serious consequences if defendant had relied upon it to its detriment. Since it did not, the erroneous statement is merely an admission, fully explained.

The full sum of $90,000 had been advanced on October 15, 1920.

Verdict directed for plaintiff for $90,000, with interest from October 15, 1920.

Judgment accordingly.