ROBERT DAVISON, HERBERT C. DAVISON and JOHN W. DAVISON, Doing Business under the Firm Name and Style of CHARLES DAVISON's SONS, Respondents, v. SYBILLA KLAESS, Appellant.— The action is to recover an indebtedness for materials sold and delivered between October 14, 1925, and August 16, 1926. The total purchase price less a small credit for materials returned was $7,647.74, for which statements were rendered on August 18, 1926. Subsequently defendant made payments on account and on May 15, 1935, plaintiffs rendered a statement of the account showing a balance due of $2,484.75, which was the difference between the principal of $7,647.74 and the partial payments on account, without regard to interest. It was conceded that all prior statements showed the balance due on principal without including interest. After May 15, 1935, defendant made

two partial payments totaling $1,000. Plaintiffs sue to recover not only the balance of principal, to wit: $1,484.75, but also interest on the entire principal sum of $7,647.74 from August 18, 1926, the date the bills were presented for payment. Defendant tendered payment of the balance due plus interest on that amount from October 14, 1925, the earliest date when the materials were delivered. Upon plaintiff's refusal to accept the tender defendant deposited it in court, together with costs. Plaintiffs recovered judgment for the amount demanded in the complaint. Judgment modified so as to provide that plaintiffs have judgment for $2,505, the amount of the tender, less costs in this court and in the trial court, which are awarded to defendant, and are to be paid out of the moneys deposited. As so modified, the judgment is unanimously affirmed. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Appeal from decision dismissed. It was conceded that even though the statements presented had printed thereon "Accounts Overdue Subject to Interest," there was no express agreement for the payment of interest. Defendant's liability, therefore, arises as damages on her default in payment on August 18, 1926, when plaintiffs rendered their bill. In making the partial payments on account defendant did not direct that they be applied on account of principal and, therefore, plaintiffs would have been justified in applying them to interest and principal. (Bank of California v. Webb, 94 N. Y. 467.) However, it clearly appears from the record that the partial payments were applied solely on account of the principal. In our opinion the acceptance by plaintiffs of the partial payments without interest and their application on account of principal only extinguished that part of the debt pro tanto and plaintiffs' right to recover interest on the part of the debt so extinguished was waived. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ. Settle order on notice.