OPINION OF THE COURT
James H. Boomer, J.
Plaintiff moves for summary judgment directing that the defendant Whitaker Leasing Company transfer to him title to a certain automobile. Although the defendant has submitted an answering affidavit disputing some of the matters asserted by plaintiff, the following facts are undisputed:
Plaintiff paid defendant Daniel Karpowicz $6,800 for the purchase of a used 1973 Mark IV Continental automobile and Karpowicz delivered the automobile to plaintiff. At the time of payment and delivery the automobile was owned by the defendant Whitaker Leasing Company and was leased to one Gene Hill. Gene Hill was unable to make payments under the lease and he asked defendant Karpowicz if Karpowicz would get him out of the lease. Defendant Karpowicz had obtained from defendant Whitaker Leasing Company the close out figure to cancel the lease and purchase the Continental. This amount was $6,500.
*950 After defendant Karpowicz received the $6,800 from plaintiff, Karpowicz delivered his check in the amount of $6,500 to defendant Whitaker Leasing Company. On the face of that check was the notation "For 73 MK IV” with the license number of the automobile delivered to the plaintiff.
Defendant Whitaker Leasing Company’s bookkeeper accepted the check and credited it to the defendant Karpowicz’s account. The president of the defendant Whitaker Leasing Company learned of the receipt of the check and directed that it be applied in reduction of defendant Karpowicz’s prior indebtedness to Whitaker Leasing Company and he refused to transfer title of the automobile to plaintiff Laney as requested by defendant Karpowicz.
Under the principles of law relating to application of payments (See 43 NY Jur, Payment, § 60), plaintiff is entitled to summary judgment directing that defendant Whitaker Leasing Company transfer title of the automobile to the plaintiff. "A debtor paying money to a creditor to whom he owes several debts may direct the application of the payment because the money is his and he may do as he will with it and control its application.” (Bank of California v Webb, 94 NY 467, 471.) Here when the president of defendant Whitaker Leasing Company became aware of the payment of the check and its stated purpose, he had the option to return the check or to apply it to the purchase of the particular automobile. He could not retain the check and apply it to other indebtedness. Having kept the check he must now apply it to the purchase of the automobile and deliver to the plaintiff title to that automobile.