■ WILCOX PRESS, Respondent, v RENE JOHN-SANDY et al., Appellants. [627 NYS2d 842] —Mercure, J. Appeal (1) from an order of the Supreme Court (Relihan, Jr., J.), entered May 13, 1994 in Tompkins County, which granted plaintiff's motion for partial summary judgment on its first cause of action, and (2) from the judgment entered thereon.

Defendants are the publishers of "Class Magazine". During 1989 and 1990, plaintiff printed the magazine, as well as posters, subscription cards and other promotional materials, for defendants. Defendants soon became delinquent in their payments to plaintiff, however, with arrears exceeding $75,000 by May 24, 1990. In early May 1990, plaintiff's comptroller visited defendants' principal, defendant Rene John-Sandy, and proposed that John-Sandy sign a promissory note, individually and on behalf of defendant Class Promotions, Inc., "as a means of retiring the majority of the balance then due". John-Sandy accepted the proposal and in his individual and corporate capacities executed a promissory note to the order of plaintiff in the principal sum of $75,000 payable, together with interest at the rate of 12%, in monthly installments of $3,530.51 beginning July 1, 1990. John-Sandy retained the original signed note but transmitted a facsimile to plaintiff.

Thereafter, the parties' business relationship continued, with plaintiff completing and invoicing defendants for additional printing jobs. Further account balances accrued as a result of this work, which plaintiff maintained on an open account. Be-

tween July 1, 1990 and November 20, 1990, defendants sent plaintiff 11 checks in the total amount of $92,500. No check contained any direction as to application of the funds beyond the recitation that the remittance was "on account". Plaintiff accordingly elected to apply the payments first to the current monthly installment on the promissory note and the remainder to reduction of the open account balance. Despite these payments, as of early December 1990, the promissory note and open account balances each exceeded $60,000. When defendants failed to satisfy plaintiff's demand for an additional $15,000 toward the open account balance, the parties' business relationship came to an end. Plaintiff commenced this action in April 1991 to recover, as relevant to this appeal, the balance due on the promissory note (first cause of action). Following joinder of issue and discovery, plaintiff moved for partial summary judgment on the first cause of action. Supreme Court granted the motion and defendants appeal.

We conclude that defendants' defenses to plaintiff's first cause of action are lacking in merit and accordingly affirm. First, in view of the uncontroverted fact that defendants retained possession of the original executed promissory note and John-Sandy's acknowledgment that the instrument plaintiff has sued upon is a true and correct copy thereof, we reject the contention that the best evidence rule bars a grant of summary judgment. Obviously, plaintiff has presented an entirely satisfactory explanation for its inability to produce the original note (see, Richardson, Evidence §§ 568, 582 [Prince 10th ed]; People v Miller, 199 AD2d 692, 694, lv denied 82 NY2d 928). Second, it is well-established law that, when a debtor owes more that one debt to a creditor and, as in this case, fails to direct the manner in which the payments are to be applied, the creditor may apply the payments between or among the debts as it wishes (Bank of California v Webb, 94 NY 467, 472; see, Snide v Larrow, 62 NY2d 633; General Stencils v Chiappa, 18 NY2d 125, 129; Shahmoon Indus. v Peerless Ins. Co., 16 AD2d 716). Finally, defendants' self-serving characterization of the instrument as a guarantee is unavailing.

Cardona, P. J., Mikoll, Casey and Peters, JJ., concur. Ordered that the order and judgment are affirmed, with costs.