■ CANDACE BOYNTON et al., Appellants, v LAW OFFICES OF BURR & REID L.L.P., Respondent. [742 NYS2d 713] —Lahtinen, J. Appeals (1) from an order of the Supreme Court (Lamont, J.), entered January 16, 2001 in Schoharie County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiffs commenced this action, pro se, alleging multiple causes of action* against defendant as a result of defendant's attempt to collect a debt owed to its client, Mary Imogene Bassett Hospital (hereinafter Bassett). Plaintiffs now appeal from Supreme Court's order and judgment granting defendant's motion for summary judgment dismissing the complaint.

The genesis of the underlying action springs from Bassett's referral to defendant of six accounts of plaintiff Candace Boynton (hereinafter plaintiff) for collection. After the accounts were referred to defendant, plaintiff made periodic partial payments to defendant and directly to Bassett. There is nothing in the record to indicate that plaintiff directed the manner in

---

* The complaint alleges causes of action for "breach of contract, breach of implied covenant of good faith, fraud, malice, disclosure of false information, unlawful noncompliance of general business law, slander and defamation of plaintiffs' credit worthiness," and demands $250,000 compensatory damages and $500,000 exemplary damages.

which the payments were to be applied other than noting her medical record number, as opposed to a specific invoice number, on her check. Defendant's collection efforts were reported to a credit-reporting agency and appeared on plaintiff's credit profile. In March 1999, plaintiff wrote to defendant informing it that the six accounts had been paid in full and included canceled checks to support her claim of payment. After months of dispute regarding the status of the accounts, plaintiff sent a check to defendant in October 1999 in the amount of $43.58, payable to Bassett, noting on the check and in correspondence to defendant that the check was being offered as full and final payment of her account. Defendant endorsed the check under protest, reserving Bassett's right to collect the full balance due on the account, and deposited the check for collection. This action ensued in May 2000 when defendant persisted that a balance remained due and owing to Bassett and continued to report its collection efforts to the credit reporting agency. The complaint alleges that defendant disclosed to a national credit reporting agency and other numerous parties that plaintiff owed Bassett money even though it had "knowledge or reason to know that the information was false." Additionally, the complaint appears to allege that a contract was created between the parties when defendant accepted plaintiff's October 1999 check, which was breached by defendant's persistence that plaintiff still owed a balance to Bassett.

The foundation of each of plaintiffs' causes of action, except the one for the breach of contract, rests on the contention that the documentary proof in the form of canceled checks proves, or at least raises a question of fact, that the accounts sought to be collected by defendant have been paid in full. We conclude, however, that defendant has shown by evidentiary proof in admissible form that an amount is still due and owing to Bassett on the accounts referred to it for collection. All of plaintiff's payments, represented by the canceled checks, are accounted for by defendant. It is clear that certain payments that plaintiff may have intended to be applied to the disputed accounts were applied to other open accounts owed by plaintiff to Bassett. Plaintiffs do not claim that plaintiff directed the payments that she did make to be applied to the accounts referred to defendant nor do they dispute that plaintiff owed the other debts to Bassett to which the payments were applied. Under such circumstances, Bassett was free to apply the payments among the debts as it wished (*see, Snide v Larrow,* 62 NY2d 633; *Bank of California v Webb,* 94 NY 467; *Wilcox Press v John-Sandy,* 216 AD2d 727). Bassett's application of some of plaintiff's payments to open accounts other than those accounts referred to

defendant, which it was entitled to do on the facts presented here, resulted in the outstanding balance on the accounts referred to defendant. Accordingly, on this record, plaintiffs' claim of payment must be rejected and the causes of action which rely on such claim must fail.

We also conclude that plaintiffs' cause of action for breach of contract is without merit. Clearly, defendant was entitled to accept plaintiff's October 1999 check as partial payment of accounts due and preserve its right to collect the balance (*see, Horn Waterproofing Corp. v Bushwick Iron & Steel Co.*, 66 NY2d 321, 331).

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, without costs.