15-3792
*Shaoxing Aceco Blanket Co. v. Aceco, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007 is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand sixteen.

Present:   ROBERT A. KATZMANN,
                      *Chief Judge*,
             RICHARD C. WESLEY,
             SUSAN L. CARNEY,
                      *Circuit Judges*.

_____

SHAOXING ACECO BLANKET CO., LTD.,
SHAOXING ACECO HOME TEXTILE CO. LTD.,
SHAOXING AVI IMPORT AND EXPORT CO.,
LTD.,

                      *Plaintiffs-Counter-Defendants-Appellees*,
                      v.                                                    No. 15-3792

ACECO, INC., ACECO INDUSTRIAL AND
COMMERCIAL CORP.,

                      *Defendants-Counter-Claimants-Appellants*.

_____

For Plaintiffs-Counter-Defendants-Appellees:          Stuart L. Sanders, Kazlow & Kazlow,
                                                                       New York, NY.

For Defendants-Counter-Claimants-Appellants:          Jonathan S. Gould, New York, NY.

        Appeal from the United States District Court for the Eastern District of New York

(Wexler, *J.*).

1

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants Aceco, Inc. and Aceco Industrial and Commercial Corporation (collectively,

"Aceco" or the "Aceco companies") appeal from a judgment of the United States District Court

for the Eastern District of New York (Wexler, *J.*), signed November 3, 2015, awarding

$3,416,979.84 plus pre- and post-judgment interest to plaintiffs Shaoxing Aceco Blanket Co.,

Ltd., Shaoxing Aceco Home Textile Co., Ltd., and Shaoxing AVI Import and Export Co., Ltd.

(collectively, "Shaoxing" or the "Shaoxing companies"). We assume the parties' familiarity with

the underlying facts, the procedural history of the case, and the issues on appeal.

The Shaoxing companies are Chinese corporations that manufacture home textiles such

as blankets, bathrobes, and plush toys in Zhejiang Province, China. The Aceco companies are

New York corporations that import such goods from China and sell them to retailers in the

United States. Shaoxing brought this suit alleging that, between 2009 and 2012, Aceco ordered

millions of dollars' worth of goods from Shaoxing but failed to pay in full. Aceco

counterclaimed, alleging that many of the goods that Shaoxing delivered were defective. The

district court held, following a bench trial, that Aceco was liable to Shaoxing for approximately

$3.4 million for unpaid invoices, and that Aceco had failed to prove its counterclaims. We

review the district court's findings of fact for clear error and its conclusions of law *de novo*. *Beck*

*Chevrolet Co. v. Gen. Motors LLC*, 787 F.3d 663, 672 (2d Cir. 2015).

Because this case involves a contract for the sale of goods, Article 2 of the Uniform

Commercial Code as adopted by the State of New York ("NYUCC") governs. *See Integrated*

*Circuits Unlimited v. E.F. Johnson Co.*, 875 F.2d 1040, 1041 (2d Cir. 1989). Under the NYUCC,

"[t]he buyer must pay at the contract rate for any goods accepted." N.Y.U.C.C. § 2-607(1); *see*

*also Sobiech v. Int'l Staple & Mach. Co.*, 867 F.2d 778, 781 (2d Cir. 1989) (holding buyer liable for balance of contract price of accepted goods). "Acceptance of goods occurs when the buyer . . . fails to make an effective rejection" after "a reasonable opportunity to inspect [the goods]." N.Y.U.C.C. § 2-606(1)(b). In order for a rejection to be effective, the buyer must "seasonably notif[y] the seller" that the goods do not conform to the contract. N.Y.U.C.C. § 2-602(1). "When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price . . . of goods accepted . . . ." *Id*. § 2-709(1); *Hyosung Am., Inc. v. Sumagh Textile Co.*, 137 F.3d 75, 80 (2d Cir. 1998) (holding that seller was entitled to recover contract price of goods where buyer failed to make effective rejection under the UCC).

Aceco's principal claim on appeal is that the district court erred by concluding that Shaoxing met its burden of proof. At trial, Shaoxing introduced nearly three hundred invoices that it had sent to Aceco during the relevant period, accompanied by corresponding purchase orders, packing lists, and bills of lading. These invoices totaled $18,471,990.12. Shaoxing also introduced payment confirmations that it received when Aceco made payments during the same period. These payments totaled $15,055,010.28. The difference, $3,416,979.84, is the amount that Shaoxing claimed to be due under the parties' contract. Shaoxing did not allocate Aceco's payments to specific invoices. Shaoxing's sales manager, Zhu Hong Zou, testified that it was not possible to do so because Aceco made large lump payments that did not match the invoiced amounts. On appeal, Aceco argues that Shaoxing's proof was insufficient because it did not prove which specific invoices were unpaid.

However, the NYUCC imposes no such requirement. To the contrary, the NYUCC provides that a party accepting goods pursuant to a contract is obligated to pay the contract price.

3

*See* N.Y.U.C.C. § 2-607(1). The district court correctly concluded that Aceco failed to effectively reject the goods and thus accepted them. It would make no difference which invoices were paid and which were unpaid, as Shaoxing is entitled to recover the full balance due. *See id.* § 2-709(1); *cf. Bank of Cal. v. Webb*, 94 N.Y. 467, 473 (1884) (noting that, where plaintiffs were entitled to recover full amount of debt, "it could make no legal difference with the defendants how the payments were applied"). The formalistic requirement that Aceco seeks to impose is not only without support in precedent, it contravenes the express purposes of the NYUCC. *See* N.Y.U.C.C. § 1-305(a) ("The remedies provided by this act must be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed . . . ."); *id.* § 1-305 cmt.1 ("Compensatory damages are often at best approximate: they have to be proved with whatever definiteness and accuracy the facts permit, but no more."). Accordingly, we reject Aceco's argument that Shaoxing was required to allocate each payment to a specific invoice.

Aceco also argues that the district court ignored evidence that Shaoxing shipped Aceco defective goods and invoiced Aceco for goods that it neither ordered nor received. This contention is belied by the record. The district court expressly considered the evidence that Aceco submitted in support of these contentions and found it not to be credible. In light of Aceco's failure to submit any substantial documentary evidence and the vague and evasive testimony of its witnesses, this finding was not clearly erroneous.

We have considered all of Aceco's remaining arguments and find them to be without merit. For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4