■ SHAHMOON INDUSTRIES, INC., Respondent, v. PEERLESS INSURANCE COMPANY, Appellant.— Appeal from an order of the Supreme Court, Warren

County, granting respondent's motion for summary judgment and directing entry of judgment against appellant in the amount of $2,309.83 plus interest. In June and July, 1960 respondent furnished R. D. Golden, a contractor, cast-iron pipe and fittings in the amount of $5,993.32 in connection with the construction of a sewage treatment plant, sewers and sewage-pumping stations for the Town of Bolton. Previously in May of 1960 respondent had furnished Golden pipe and fittings in the amount of $7,583.19 in connection with a construction project for the Catholic Diocese of Albany. Appellant executed, as surety, a labor and material payment bond on the Bolton sewage project but did not bond the project for the Catholic Diocese. Of the total claim of $13,576.51 owed to respondent from these two projects it is undisputed that Golden paid respondent $5,000 on September 22, 1960 and an additional $1,000 on November 23, 1960. On December 14, 1960 respondent filed a lien on the Bolton project in the amount of $5,993.32 and thereafter commenced an action in the Supreme Court, New York County, to recover the remaining $7,576.51 owed it by Golden. Golden did not contest this action and default judgment was entered in favor of respondent on January 30, 1961 for $7,944.83, representing the amount sued upon plus interest, costs and disbursements. On execution and levy respondent received $5,697.50 toward its judgment. Respondent's position in the Supreme Court action was that the $7,576.51 owed by Golden consisted of $5,993.32 on the Bolton project and $1,583.19 on the Catholic Diocese undertaking, i.e., the previous $6,000 paid by Golden was applied entirely to reduce the amount due on the Catholic Diocese project. Consistent with this approach respondent applied the $5,697.50 recovered pursuant to the execution and levy first to reduce interest on Golden's indebtedness, costs of judgment and interest on the judgment in the Supreme Court action, secondly to eliminate all indebtedness arising from the Catholic Diocese project and finally to reduce the Bolton indebtedness to $2,309.83 for which amount respondent asserts in the instant action appellant is liable to it under the labor and material bond. Appellant asserts that the court below improperly granted summary judgment in favor of respondent. We agree. A debtor in making payment to a creditor to whom he owes more than one obligation has the right to direct application of the payment to a specific debt and it is only where the debtor has made no specific allocation that the creditor can then allocate the payment as he wishes (*Bank of California* v. *Webb*, 94 N. Y. 467, 472; *Wanamaker* v. *Powers*, 102 App. Div. 485, 491–492). Appellant is thus liable on the bond only if Golden did not direct application of the $6,000 toward the Bolton project and respondent actually applied the $6,000 toward the Catholic Diocese project. In support of its motion respondent submitted affidavits of one Naim Gurji, credit manager of respondent, which substantiates its position that the $6,000 was paid by Golden on account of the Catholic Diocese project and that it was, in fact, so credited on respondent's books and an affidavit by Golden dated February 16, 1961 which stated that no part of the Bolton indebtedness had been paid and that all moneys previously paid were properly applied to other jobs. In direct contradiction to Golden's affidavit of February 16, 1961 appellant annexed to its affidavit submitted in opposition to respondent's motion two letters from Golden to respondent; the first dated October 31, 1960, i.e., shortly after the $5,000 payment of September 22, 1960 to the effect that its total indebtedness to respondent on the Bolton project was $993.32 and the second dated December 19, 1960, i.e., shortly after the payment of $1,000 of November 23, 1960 and respondent's filing of the lien on December 4, 1960, objecting to the filing of the lien by respondent since the Bolton account was paid in full. Respondent characterizes these letters as "self-serving" but such is obviously not the case

here. Instead when these letters are considered, which we properly think they should have been under rule 113 of the Rules of Civil Practice (see *Ticknor* v. *Ticknor*, 23 Misc 2d 257; Richardson, Evidence [8th ed.], § 2) a question of fact which was presented as to the direction Golden gave respondent with respect to allocation of the $6,000 and thus summary judgment should not have been granted. Additionally, even if Golden made no allocation and thus as previously noted respondent was free to allocate the $6,000 as it chose, the manner in which such payments were actually applied is solely within the knowledge and control of respondent, and, accordingly, summary judgment should not have been granted on the sole basis of respondent's assertion as to how such allocation was made. (See *Warren* v. *Commercial Travelers Mut. Acc. Assn. of America*, 271 App. Div. 989; *Suslensky* v. *Metropolitan Life Ins. Co.*, 180 Misc. 624, affd. 267 App. Div. 812.) Judgment and order reversed, on the law and the facts, and the motion for summary judgment denied, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.