Keating, J.
Mildred and William Fabrikant were married on January 16, 1938. After 22 years of marriage, Mildred commenced an action against William. The result of this litigation was a separation agreement voluntarily entered into by the parties on March 15, 1961.
Thereafter Mildred obtained a bilateral Mexican divorce. The decree of divorce declared that the agreement of separation was not1 ‘ merged in it, but survives the same, and the parties thereof are hereby ordered to comply with it on its terms at all times and places. ’ ’
*158 Following a familiar pattern, the husband remarried and refused to comply with the support provisions of the separation agreement. As a result the plaintiff wife has commenced eight separate actions to obtain compliance with the terms of the agreement.
In the present action—the eighth—the plaintiff requests arrears in payments as well as counsel fees and disbursements in this action as well as the seven previous actions.
The defendant in his answer asserts that the separation agreement was executed by the parties upon the express unwritten understanding that it was to take effect only upon the condition that the plaintiff would promptly proceed to Mexico and obtain a divorce and that, therefore, the agreement was invalid and contrary to the provisions of former section 51 of the Domestic Relations Law (cf. General Obligations Law, § 5-311).
The Supreme Court at Special Term held that a prior determination as to the validity of the agreement, made in a previous action, was res judicata and binding. Since no triable issues of fact were presented, summary judgment was granted. In addition, the court ruled that the plaintiff was entitled to counsel fees and disbursements under section 238 of the Domestic Relations Law. Following a hearing, a judgment was entered requiring the payment of $6,911.25 in counsel fees.
The orders of Special Term were unanimously affirmed by the Appellate Division (Second Department). Leave to appeal was granted by this court.
Two questions are presented by this appeal. The first relates to whether the defendant may in this action again assert the defense that the agreement is contrary to public policy and, therefore, invalid and unenforcible. The second brings up for review the question of whether the wife is entitled to counsel fees incurred in attempting to gain the defendant’s compliance with the terms of the agreement incorporated in the divorce decree.
We believe that the first question was correctly disposed of below and that the defendant, having once raised and litigated the issue of invalidity, may not do so again. (Schuylkill Fuel Corp. v. Neiberg Fealty Corp., 250 N. Y. 304).
Likewise we believe that the allowance of counsel fees under ■section 238 of the Domestic Relations Law was proper. That *159 section provides that: “In any action or proceeding to compel the payment of any sum of money required to be paid by a judgment or order entered in' an action for divorce, separation, annulment or declaration of nullity of a void marriage, or, in any proceeding pursuant to section two hundred forty-three, two hundred forty-four, two hundred forty-five, or two hundred forty-six, the court may in its discretion require the husband to pay the wife’s expenses in bringing, carrying on, or defending such action or proceeding.”
The decree of divorce entered by the Mexican court specifically ordered the parties to comply with the terms of the separation agreement at all times and places. The defendant was thus required by the divorce decree to pay the sums provided in the agreement. This action to enforce the support provisions of the separation agreement is “ a proceeding to compel the payment of [a] sum of money required to be paid by a judgment or order entered in an action for divorce ’ ’. Therefore, the court in its discretion had power to and did award counsel fees and disbursements. The fact that the divorce decree was granted by a Mexican court is immaterial (see Rosenstiel v. Rosenstiel, 16 N Y 2d 64).
The defendant’s conduct in attempting to avoid his obligation to his former spouse has resulted in unnecessary and expensive litigation. The allowance of counsel fees was authorized by the statute, undoubtedly to discourage such conduct.
The order of the Appellate Division should be affirmed, with costs.
Chief Judge Fuld and Judges Van Voorhis, Burke, Sgileppi, Bergan and Breitel concur.
Order affirmed.