ANTHONY CATALFAMO, Appellant, v. ANDRE J. BOUCHER et al., Respondents.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Albany County, entered upon a verdict of no cause of action. The sole argument advanced by appellant on this appeal is that the cross-examination of one of his witnesses by respondent's counsel constituted prejudicial conduct requiring a new trial. Concededly, testimony as to a settlement or offer of settlement by a witness or party is inadmissible (*Brown* v. *Schneider*, 32 A D 2d 712, app. dsmd. 25 N Y 2d 903) and the asking of a question concerning a settlement or offer of settlement by counsel to a witness, which he knows cannot be properly answered, would constitute prejudicial reversible error. (*Smith* v. *Majestic Iron Works*, 2 N Y 2d 544; *Swanson* v. *Evans Oil*, 12 A D 2d 875). However, the questioning here was only as to whether a claim had been filed by the witness and in no way directly referred to any settlement or offer of settlement. Of course, the jury, apprised that a claim had been brought, might

possibly have speculated as to its outcome, but in our opinion this assumption is not so obvious and compelling as to mandate a new trial. Instead, the question of prejudice depended on the effect of the questions involved on the jury. This issue in the first instance was for the Trial Judge to resolve, and on the instant record we find no reason to disturb his decision that no prejudice was present. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur.