Rhoda Galyn, Appellant, v Lawrence Schwartz, Respondent.

First Department, December 9, 1980

APPEARANCES OF COUNSEL

*Maris Bibelnieks* for appellant.

*Clifford M. Solomon* of counsel *(Beatrice Rothaus,* attorney), for respondent.

OPINION OF THE COURT

SULLIVAN, J.

The parties were married in 1948, entered into a separation agreement in November, 1959 and ultimately were divorced in January, 1960 in Mexico. The divorce judgment incorporated the separation agreement, approved all its terms, and decreed that it was binding on the parties, but did not provide for merger.

For a period of time the husband made regular support payments of $100 per week, pursuant to the agreement, but eventually fell substantially in arrears, prompting the wife in 1973 to commence a Family Court enforcement proceeding in which the husband, claiming hardship, successfully moved for a downward modification of his obligations from $100 per week to $35. The Family Court did not expressly rule on the wife's petition for arrears. Thereafter,

in 1977, without financial resources and income, and finding herself living at a poverty level, the wife commenced this action on the separation agreement for accrued arrears. The wife's motion for summary judgment and counsel fees was denied, and this appeal resulted.

 We find that with the exception of the Statute of Limitations, which is a partial defense, the husband's affirmative defenses are without merit and should be dismissed. Although the husband, a doctor, asserts the defense of duress, it is clear that he had ample time to review the agreement prior to its execution and to seek legal advice. He chose not to do so and specifically evinced this decision by initialling paragraph 12 of the agreement, wherein he admitted that "he has had full opportunity to obtain the advice of counsel of his own selection" and that "he has chosen voluntarily and freely to reject such advice and signs this agreement upon his own responsibility with full knowledge of the liability undertaken by him herein." Moreover, this defense is raised for the first time 20 years after the execution of the agreement.

 The husband's claim that the separation agreement lost its viability after entry of the Mexican divorce decree fails also, since it is clear from the terms of the agreement and the language of the divorce decree that each party retains the right to sue on the agreement. The separation agreement was incorporated into, but not merged with, the decree. In fact the husband so stipulated in the subsequent Family Court proceeding. Nor was the wife estopped from seeking to recover under the separation agreement by virtue of having commenced the Family Court proceeding to enforce the support provisions of the Mexican decree. Since the separation agreement was not merged into the decree, it survives, and the husband is not relieved of his contractual obligations under the agreement. *(Goldman v Goldman*, 282 NY 296.) "[S]ubsequent decree modifications leave the prior nonmerged support contract still in existence qua contract". *(McMains v McMains*, 15 NY2d 283, 285.) Except for the Statute of Limitations, the other defenses do not warrant discussion.

 Obligations under a separation agreement which

accrued prior to six years before the commencement of an action for the recovery of arrears are barred by the six-year contract Statute of Limitations. *(Morris v Morris,* 74 AD2d 490; see CPLR 213, subd 2.) The wife claims that support payments made within the six years preceding the commencement of this action constituted partial payment, thereby reviving the indebtedness for support arrears otherwise outlawed. Mere part payment of a debt, however, is not sufficient to vitiate the applicability of the Statute of Limitations and revive a debt which would otherwise be barred. To have that effect the payment must be made in circumstances from which "a promise may be inferred to pay the remainder." *(Crow v Gleason,* 141 NY 489, 493.) Here, the husband never acknowledged or intimated in any fashion that the payments were being made with a view toward extinguishing arrears. Nor is it shown that he ever made a payment in excess of his then current obligation. Significantly, at no time after the Family Court order did he ever pay more than $35 per week. Thus, the wife has not shown that the husband's payments were made as part of a plan to extinguish an antecedent debt.

At best, the wife's averments disclose no more than that in negotiations between the attorneys, the husband offered to pay a lump sum towards arrears. So far as the record discloses no such payment was ever made. An offer of settlement is not admissible as evidence of a debt *(Catalfamo v Boucher,* 33 AD2d 1081), and should not be used here to revive an antecedent debt against the husband. The husband's conduct has been unequivocal and constant with regard to arrears—he has paid none. Notwithstanding the provision in the separation agreement that the wife's failure to collect was not to be deemed a waiver of arrears, the Statute of Limitations remains a viable defense, nonwaivable except by conduct which is unequivocal. (See *Crow v Gleason, supra,* at p 493.) Nothing in the husband's actions evinces an indication to waive the protection of the statute and his payment of only $35 per week demonstrates, if anything, a desire only to fulfill his current obligations. Thus, no factual issue exists as to the wife's claim that partial payment revived the debt.

The wife also contends that she applied the husband's

payments to the extinguishment of arrears earliest in time. Thus, claiming that she applied payments made between the date six years preceding the commencement of this action and the date of the motion against the outstanding indebtedness, she seeks summary judgment for an amount equivalent to the sum of $100 per week for that period of time.

■ "A debtor in making payment to a creditor to whom he owes more than one obligation has the right to direct application of the payment to a specific debt and it is only where the debtor has made no specific allocation that the creditor can then allocate the payment as he wishes". *(Shahmoon Inds. v Peerless Ins. Co.,* 16 AD2d 716, 717, citing *Bank of California v Webb,* 94 NY 467, 472; *Wanamaker v Powers,* 102 App Div 485, 491-492.) But in the absence of an election by either party the "court will make such application of the payment as equity and justice require." *(Bank of California v Webb,* 94 NY 467, 472, supra;* see, also, 43 NY Jur, Payment, § 68.)

■ As already noted, the husband paid $35 per week after the Family ·Court modified his support obligations downward to that sum. In the time immediately prior to the order of modification he had made no regular payments, and had fallen deeply into arrears. A reasonable, but not exclusive, inference to be drawn is that the payments were made solely to comply with the Family Court order and his current obligations. Furthermore, at no time did the wife inform the husband that she was setting his payments off against the arrears. Thus, we have only her naked allegation that this was her practice, a matter peculiarly within her knowledge. Where neither party has directed payment, and the manner of allocation of the payments is solely within the knowledge· and control of the creditor, the creditor is not entitled to summary judgment. *(Shahmoon Inds. v Peerless Ins. Co., supra,* at p 718.)

■ ■ At the same time we cannot agree with our dissenting colleague who, in granting partial summary judgment to the wife, would find as a matter of law that she may not credit payments made by the husband after and in compliance with the Family Court order against earlier

arrears. As has been noted often, issue finding, not issue determination, is the primary function of the court on a motion for summary judgment *(Esteve v Abad,* 271 App Div 725, 727), and we cannot unequivocally say that the circumstances of payment are clearly in favor of one side or the other. That the husband's payments were not made in circumstances from which a promise may be inferred to pay the balance of the arrears so as to revive the indebtedness does not compel the conclusion that his payments constituted a direction to apply them toward current support. At no time did he ever expressly direct a specific application of his payments. Both parties should be given the opportunity to present evidence as to whether the wife is entitled to credit payments made within six years of the commencement of this action against arrears. Thus, an assessment is necessary to determine the amount owed within the period not proscribed by the Statute of Limitations.

The wife also sought an award of counsel fees under section 238 of the Domestic Relations Law, which vests the court with discretionary power to require either party to pay the other's expenses in a matrimonial action. Even though this is not a matrimonial but a contract action the wife may claim counsel fees. The Mexican divorce decree specifically provided that "The separation agreement * * * is approved in all its parts, binding the parties in all its terms and conditons." In *Fabrikant v Fabrikant* (19 NY2d 154, 159), the Court of Appeals found that when "[t]he decree of divorce entered by the Mexican court specifically ordered the parties to comply with the terms of the separation agreement at all times and places" an "action to enforce the support provisions of the separation agreement is 'a proceeding to compel the payment of [a] sum of money required to be paid by a judgment or order entered in an action for divorce' ", and directed the award of counsel fees under section 238.

We cannot agree with our other dissenting colleague that *Fabrikant (supra)* is rendered inapplicable because the Mexican decree has been superseded by the Family Court order. The latter did not suspend all the terms of the divorce decree, since the modification was directed to only

one of its provisions, viz., the amount of the weekly support provision. In all other respects the Mexican decree remains viable including its direction to the parties to adhere to the terms of the separation agreement.

Accordingly, the order of the Supreme Court, New York County (H. SCHWARTZ, J.), entered September 14, 1979, denying plaintiff's motion for summary judgment should be modified, on the law, without costs or disbursements, the motion granted to the extent of awarding partial summary judgment to plaintiff for alimony accruing within the period from six years prior to the commencement of this action and the matter remanded for an assessment of both damages and counsel fees.

LUPIANO, J. (dissenting). On this record plaintiff is entitled to partial summary judgment in the amount of $30,370, i.e., the amount of $38,100 owing for the period accruing under the separation agreement since December 20, 1971, which was six years prior to commencement of this action, through April 30, 1979 (the date of preparation of the instant motion by plaintiff, which is the last date for which plaintiff seeks recovery on her motion for summary judgment relief), less the sum of $7,730 representing payments made by defendant pursuant to the Family Court order entered January 14, 1975. I conclude that the circumstances unequivocally demonstrate the defendant's intention that the payments be made since January 14, 1975, be applied to his then current obligation to plaintiff rather than to the extinguishment of claims which are earliest in point of time. In other words, I view the record as presenting a question of law in respect of this issue.

Pursuant to the separation agreement dated November 23, 1959, defendant was obligated to pay plaintiff $100 per week for support. The agreement was incorporated, but not merged in, a Mexican divorce decree entered January 16, 1960. In 1974, plaintiff commenced an enforcement proceeding in Family Court respecting the support provisions of the divorce decree. Defendant successfully crossmoved therein for a downward modification of support to $35 weekly, commencing January 14, 1975. In 1977,

plaintiff commenced the instant action for support arrears under the separation agreement (breach of contract), alleging that defendant, since January 1, 1962, has been in arrears under the agreement. After issue was joined, plaintiff moved for summary judgment, declaring that the payments made by defendant were credited by her against the outstanding arrears earliest in time and that she was *"also suing* [defendant] for the difference between the $100.00 a week support provided by the separation agreement and the $35.00 a week ordered by the Family Court, that is, *for the sum of $65.00 per week from January 14, 1975 to date"* (emphasis supplied).

Assuming defendant failed to direct how payment is to be applied, the plaintiff was entitled to make the application as she saw fit. While plaintiff states that she credited defendant's payments against the outstanding arrears earliest in time, the surrounding circumstances, the conduct of the parties, and plaintiff's statement in her affidavit in support of her motion for summary judgment relief, quoted above, impel the legal conclusion that defendant's intention as to how payment was to be applied was disclosed with respect to payments made subsequent to the Family Court order entered January 14, 1975. "There is no particular mode which the debtor must follow in order to avail himself of his right to direct the application of a payment. And the application may be shown either by express words or *by conduct or circumstances indicative of his intention, which also may be inferred from the circumstances of the case generally"* (43 NY Jur, Payment, § 61, pp 527-528; emphasis supplied).

Plaintiff in her affidavit as above indicated, in effect admits that defendant's payments since January 14, 1975 were made under the auspices of the Family Court order, in that she is seeking to recover the difference between such payments and the amount accruing since such date under the agreement. The only reasonable inference to be drawn under the circumstances on this record is that defendant's payments since January 14, 1975 were made solely to comply with the Family Court order, that is, with his current obligations commencing January 14, 1975. Further, apart

from the reasonableness of this inference, the dictates of justice and equity in this case support the conclusion that defendant's payment of $7,730 since January 14, 1975, were made in respect of current obligations and intended by defendant to be so applied. Accordingly, while plaintiff is entitled to partial summary judgment in the amount of $30,370, defendant is entitled to partial summary judgment dismissing so much of plaintiff's claim for arrears under the agreement as seeks a greater amount.

On the issue of counsel fees, *Fabrikant v Fabrikant* (19 NY2d 154) holds that in an action on a separation agreement to recover arrears, the court in its discretion has the power to award counsel fees. The separation agreement herein contemplated by inference the plaintiff's seeking such counsel fees upon the defendant's default under the agreement. Special Term, in failing to grant plaintiff summary judgment, did not reach the issue of counsel fees and so did not endeavor to exercise its discretion in any manner. As we have the power to exercise discretion, the issue is whether, under the instant circumstances, we should exercise the power to grant counsel fees. In light of the agreement and the *Fabrikant* rationale, I believe we should exercise discretion to grant counsel fees and to remand the matter to the court below for a hearing to determine the reasonable amount of such fee. As stated in *Fabrikant (supra,* at p 159) : "The defendant's conduct in attempting to avoid his obligation to his former spouse has resulted in unnecessary and expensive litigation. The allowance of counsel fees was authorized by the statute, undoubtedly to discourage such conduct."

SILVERMAN, J. (dissenting in part). I would deny counsel fees to plaintiff wife.

Section 238 of the Domestic Relations Law allows expenses (presumably including counsel fees) in an action "to compel the payment of any sum of money required to be paid by a judgment or order" entered in various specified matrimonial actions. The plaintiff here is not suing to recover sums of money required to be paid under a judgment or order. Rather this is an action on a contract to recover sums payable under a separation agreement. To the extent that

the Mexican decree required compliance with the terms of the separation agreement as to payment of money, it has, as a decree or order, been superseded by the Family Court order reducing the support provisions to $35 per week. This action is brought solely under the contract—to recover sums payable under the contract in excess of those directed by court order. *Fabrikant v Fabrikant* (19 NY2d 154) is thus inapplicable, as there the Mexican decree had not been superseded by an order of the New York court.

In other respects I agree with the majority.

FEIN, J. P. and SANDLER, J., concur with SULLIVAN, J.; LUPIANO, J., dissents and SILVERMAN, J., dissents in part in separate opinions.

Order, Supreme Court, New York County, entered on September 14, 1979, modified, on the law, without costs and without disbursements, the motion granted to the extent of awarding partial summary judgment to plaintiff for alimony accruing within the period from six years prior to the commencement of this action and the matter remanded for an assessment of both damages and counsel fees.