OPINION OF THE COURT
Jerome B. Fleischman, J.
Defendant was charged with two unclassified misdemeanors: driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3) and reckless driving in violation of Vehicle and Traffic Law § 1212. He was also charged with three traffic infractions of passing red lights in violation of section 15-12d (1) of the Long Beach City Code. The case was tried before a jury from April 19, 1991 to April 24, 1991. The defendant was found guilty of driving while impaired, reckless driving and passing two red lights. Defendant has moved to set aside the verdict, upon the ground that it was error for the court to refuse to allow in evidence certain aspects of plea bargaining, which resulted in the filing of the reckless driving charge more than four months after the other charges were filed.
*410 Whether and to what extent the defense could go into the reasons for filing the additional charge of reckless driving four months after the initial charge of driving while intoxicated was filed is a question on which neither counsel nor the court can find any authority. The defense made an offer of proof that defendant was offered a plea to driving while impaired, a trafile infraction and not a crime, with a threat that if it were not accepted, he could be charged with an additional misdemeanor of reckless driving. When he refused to plead guilty to the offered charge, the additional charge was filed.
As a general proposition, all facts having a rational probative value are admissible into evidence. (Ando v Woodberry, 8 NY2d 165 [I960].) This court recognized that there was some probative value in the fact that the reckless driving charge was not filed until four months after the happening of the event, and defense counsel was permitted to bring out and argue this point. However, in this court’s opinion, the fact that defendant was offered a plea to a lesser charge under the threat of having an additional charge filed against him, has no probative value as to whether or not defendant committed either of the two crimes charged.
Furthermore, CPL 60.10 provides: "Unless otherwise provided by statute or by judicially established rules of evidence applicable to criminal cases, the rules of evidence applicable to civil cases are, where appropriate, also applicable to criminal proceedings.”
Looking to the civil rules of evidence for guidance, it is the general rule that an offer to compromise a disputed claim, which contains no express admission of fact, is not admissible. (Sweet v Henry, 175 NY 268 [1903], remittitur amended 177 NY 583; Bigelow-Sanford, Inc. v Specialized Commercial Floors, 77 AD2d 464 [4th Dept 1980]; Galyn v Schwartz, 77 AD2d 437 [1st Dept 1980], mot to amend notice of appeal denied, appeal dismissed 53 NY2d 701, mod 56 NY2d 969; Catalfamo v Boucher, 33 AD2d 1081 [3d Dept 1970]; Matter of Doran, 96 Misc 2d 846 [1978]; Miller v State of New York, 91 Misc 2d 1028 [1977].)
The People’s offer during plea bargaining was nothing more than an offer to compromise which is not admissible as evidence.
*411 By reason of the foregoing, defendant’s motion is denied. A presentence report is ordered for August 9, 1991, on which date defendant will appear before this court for sentencing at 2:00 p.m.