■ SKODNEK INDUSTRIES, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 39637.) — Appeal by the State from a judgment of the Court of Claims awarding for the appropriation, for purposes of the Long Island Expressway, of lands in the Town of Oyster Bay. In testifying to a value of $12,000 per acre, claimant's expert gave effect to his conclusion that the highest and best use of the property was residential for "the front half" while "the rear would be industrial eventually". The property was in a Residential "B" zone, for one-acre building plots, and there is no adequate basis in the record for the witness' assumption of a rezoning to permit industrial use, and, indeed, claimant's application for such a change had been denied. There being no "reasonable probability" of such a change (*Masten* v. *State of New York*, 11 A D 2d 370, affd. 9 N Y 2d 796), the trial court's refusals of the State's proposed findings and conclusions upon this issue were clearly in error as was its affirmative finding, not of a "reasonable probability", within the *Masten* rule, but of "a possibility of a variance". The State contends, additionally, that the experts of both parties were in error in valuing the remainder area as landlocked, but that question may be more readily explored upon retrial than by evaluation of the documentary evidence submitted to us by the State, with respondent's consent; retrial being necessary in any event since we do not find the record adequate to permit an award by this court. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

■ DON J. WICKHAM, as Commissioner of Agriculture and Markets of the State of New York, Respondent, v. CHAMPLAIN CREAMERIES, INC., Appellant.— Judgment affirmed, without costs, on the opinion of Mr. Justice BOOKSTEIN at Trial Term (41 Misc 2d 552), with the necessary modifications as to dates of performance. Settle order. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.