■ In the Matter of NATIONAL FARMERS ORGANIZATION, INC., Respondent, v J. ROGER BARBER, as Commissioner of the New York State Department of Agriculture and Markets, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered February 4, 1982 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of the State Department of Agriculture and Markets. Petitioner, National Farmers Organization, Inc., is a foreign corporation licensed to sell milk in New York State. Since 1976 it sold milk to A. Lasaponara & Sons, Inc. (Lasaponara).

When Lasaponara failed to pay by March 22, 1978 for milk purchased in February, petitioner placed Lasaponara on a C.O.D. delivery basis and continued to deliver milk on that basis until January of 1979 when sales were discontinued. Petitioner then filed a claim on March 15, 1979 in the amount of $94,827.57 against the milk producer's security fund pursuant to section 258-b of Agriculture and Markets Law seeking payment for milk delivered to Lasaponara in February and March of 1978. The record also reveals that Lasaponara previously, in 1976 or 1977, fell behind on its payments and petitioner agreed to take a note for the amount due, payable at a monthly rate of $5,000. In January of 1978, there was some $27,000 unpaid on the note. During the period Lasaponara was paying on a C.O.D. basis petitioner demanded and received excess cash payments which petitioner first applied on the 1977 note, then on the January, 1978 deliveries, and finally on the debt for February and March, 1978 deliveries. After a hearing, it was determined that the excess C.O.D. payments should have first been applied to the amount claimed against the security fund and that petitioner was entitled to $60,031.39 on its claim. The instant article 78 proceeding to annul the determination was commenced with petitioner contending that the determination was arbitrary and capricious. Special Term agreed and ordered that petitioner be paid in full. This appeal ensued. As a general rule, where a debtor owing more than one debt to a creditor fails to allocate a particular payment to a specific debt, the creditor may apply the payment as he wishes (*General Stencils v Chiappa,* 18 NY2d 125; *Shahmoon Ind. v Peerless Ins. Co.,* 16 AD2d 716). In the absence of a specific allocation by either party, the court will determine the proper allocation as equity and justice require (*Galyn v Schwartz,* 77 AD2d 437, 441). In the present case, Lasaponara did not allocate the excess payments and petitioner applied the payments to the oldest debt first. No statute or regulation precluded such an allocation and we conclude that petitioner had the right to make the allocation as it saw fit. Respondents argue that they had the right to vary the allocation relying on the language in *Carson v Federal Reserve Bank* (254 NY 218, 232) stating that a court may vary an application when variance is necessary to promote the ends of justice. In the instant case, however, it was not a court which varied the allocation made by petitioner but a State agency. In any event, the court in *Carson* was concerned with a situation wherein neither the debtor nor creditor had made an allocation of the payment. In our view, a court's power to vary an allocation, except under circumstances not presented herein, arises only when both the creditor and debtor have failed to make an allocation of the payment. Accordingly, the determination varying the allocation of payments made by petitioner was arbitrary and capricious and was properly annulled. It is also urged by respondents that petitioner violated subdivision 15 of section 258-b of the Agriculture and Markets Law in failing to place Lasaponara on a C.O.D. basis after its initial default in 1976 and 1977. Thus, respondents contend that because of this violation and the allocation of excess payments to the 1977 note, the amount of petitioner's claim against the security fund should be reduced. This court, however, recently noted the legislative intention, in view of the separate penalty provision contained in subdivision 15 of section 258-b of the Agriculture and Markets Law, of separating the prompt payment provisions of section 258-b from the operation of the milk producers' security fund in a case wherein it was held that the violation of such provisions should not prohibit recovery from the security fund (*Matter of Eastern Milk Producers Coop. Assn. v State of New York Dept. of Agric. & Markets,* 88 AD2d 149, 151). Consequently, respondents' arguments in this regard must fail. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.