In the Matter of EASTERN MILK PRODUCERS COOPERATIVE ASSOCIATION, INC., Petitioner, v STATE OF NEW YORK DEPARTMENT OF AGRICULTURE AND MARKETS et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Agriculture and Markets which denied petitioner's claim for payment from the milk producers security fund, pursuant to section 258-b of the Agriculture and Markets Law. Petitioner is a licensed New York State milk dealer as well as a co-operative corporation. In March, 1979, petitioner filed a verified statement of claim with respondent Commissioner of Agriculture and Markets seeking payment of $39,328.35 from the milk producers security fund for unpaid milk sold and delivered by petitioner to A. Lasaponara & Sons, Inc., a licensed New York milk dealer. The claim consisted of $5,996.94 for milk sold in December, 1977 and $49,020.85 for milk sold during March, 1978. After a hearing held to determine and certify the amount due, if any, on petitioner's claim, respondent commissioner, in a determination dated August 18, 1981, denied the claim. The commissioner found that from April, 1977 through February, 1978, Lasaponara repeatedly was untimely in its payments for milk sold and delivered by petitioner by from 4 to 37 days after the final payment date, during which period petitioner did not make sales to Lasaponara on a cash-on-delivery basis in violation of section 258-b of the Agriculture and Markets Law and 1 NYCRR 44.4. This proceeding for review ensued. The prompt payment provisions of section 258-b of the Agriculture and Markets Law, then in existence, did not provide a basis for denial of petitioner's claim for reimbursement from the milk producers security fund (*Matter of National Farmers Organization v Barber*, 91 AD2d 761; *Matter of Eastern Milk Producers Coop. Assn. v State of New York Dept. of Agric. & Markets*, 88 AD2d 149). Therefore, the determination of respondents, insofar as it denies petitioner's entire claim, is not supported by substantial evidence and is in excess of respondent commissioner's statutory authority. It should be annulled and the matter remitted to the commissioner for further proceedings not inconsistent herewith. Respondents also argue that the entire claim should be rejected because petitioner's books and records showed a reallocation of the payment of $30,588.53 received from Lasaponara on or about April 24, 1978. The payment was initially credited to apply to the invoice dated March 21, 1978. Later it was reallocated by petitioner to apply, in part, to the March advance bill ($15,689.44) and in part to the March final bill ($14,899.09). Respondents' contention that this reallocation was done only to inflate petitioner's claim is not supported by the record. The evidence does establish that from March 1 through March 20, 1978, petitioner sold and delivered to Lasaponara 512,460 pounds of milk valued at $49,020.85 as set forth by petitioner in its verified claim. Mr. Dorn, the financial manager of petitioner, testified that the reallocation was done on his instructions and that it was done to reflect payments on milk delivered before and after March 20, 1978. Disallowance of the entire claim because of the reallocation lacks a rational basis in these circumstances (see *Matter of National Farmers Organization v Barber, supra*). Petition granted, with costs, determination annulled, and matter remitted to the Commissioner of Agriculture and Markets for a redetermination and further

proceedings not inconsistent herewith. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.