OPINION OF THE COURT
 

 Memorandum.
 

 The appeal taken as of right should be dismissed, without costs, upon the ground that the order appealed from does not finally determine the proceeding within the
 
 *1100
 
 meaning of the Constitution. But, on the court’s own motion, leave to appeal should be granted (CPLR 5602, subd [a], par 2). The order of the Appellate Division then should be reversed, with costs, and the determination of the Commissioner of the Department of Agriculture and Markets reinstated.
 

 At the time of the dealer’s default in this case, subdivision 5 of section 258-b of the Agriculture and Markets Law provided that no claims against the milk producers’ security fund would be allowed for amounts owed the producer on deliveries made after the first two months preceding the default. As part of the over-all statutory scheme to protect milk producers from the large credit risks to which they had been subjected (see L 1975, ch 526, § 1), subdivision 2 of section 258-b required a producer, once a dealer to whom it had extended credit was in default, to make only cash sales to .the dealer.
 
 *
 

 At issue here are claims for reimbursement for credit sales made for five days after the dealer’s default in paying for the previous month’s deliveries. We believe the commissioner acted reasonably in reading subdivision 5, as it then read and as it was later amended, in conjunction with the cash on delivery requirements of subdivision 2 so as to impose an outside limit on claims against the fund.
 

 It is well settled that where interpretation or application of a statute calls for special knowledge, courts regularly defer to administrative expertise
 
 (Matter of Burger King v State Tax Comm.,
 
 51 NY2d 614, 621;
 
 Kurcsics v Merchants Mut. Ins. Co.,
 
 49 NY2d 451, 459). Here, such deference is especially warranted, since the commissioner’s determination was eminently reasonable in light of the legislative purpose. In creating the fund, the Legislature surely intended that the pool of private moneys against which producers secure the credit extended to dealers be administered prudently (L 1975, ch 526, § 1). To this end, it surely could not have wanted producers to extend credit openhandedly (Memorandum of State Execu
 
 *1101
 
 tive Dept., NY Legis Ann, 1975, p 81; see, also, Governor’s Memorandum, NY Legis Ann, 1975, pp 433-434). Disallowance of claims arising after the producer was obligated to sell only on a cash basis was, therefore, reasonable to prevent depletion of the fund.
 

 Nor does the existence of a separate penalty provision in the statute (Agriculture and Markets Law, § 258-b, subd 15) preclude the commissioner’s disallowance of a producer’s claims under subdivision 2. That penalty, applicable only to dealers and not the producers who wrongfully extend credit to them, is but an additional sanction. Its nonexclusivity is underscored by the fact that a contrary reading would render nugatory the entire claim and certification system of subdivision 5.
 

 Finally, the subsequent amendment of subdivision 5 (L 1981, ch 924) to explicitly permit the commissioner to disallow claims for “sales of milk by a producer to a milk dealer subsequent to its failure to pay within the time periods prescribed in subdivision two” does not establish that he lacked such power before the amendment. Amendment of a statute, without more, does not require a change in its judicial construction. In view of the fact that the statute in its original form can be so read, the amendment must be regarded as but a legislative amplification of its previous intent.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur in memorandum.
 

 On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), appeal taken as of right dismissed, without costs, upon the ground that the order appealed from does not finally determine the proceeding within the meaning of the Constitution.
 

 On the court’s own motion, leave to appeal granted to the Department of Agriculture and Markets et al., pursuant to CPLR 5602 (subd [a], par 2).
 

 Order reversed, with costs, and the determination of the Commissioner of the Department of Agriculture and Markets reinstated.
 

 *
 

 Under the statute, the date by which payment was due could be either that provided in subdivision 2 or an alternate date set by the commissioner. In this case, an alternate date applied (1 NYCRR 20.50a; 1 NYCRR 44.3; 1 NYCRR 44.4).