■ In the Matter of EASTERN MILK PRODUCERS COOPERATIVE ASSOCIATION, INC., Petitioner, v STATE OF NEW YORK DEPARTMENT OF AGRICULTURE AND MARKETS et al., Respondents. — Reargument of a decision of this court, dated January 13, 1983, which annulled a determination of the Department of Agriculture and Markets denying petitioner's claim for payment from the milk producers security fund. By order entered May 25, 1983, this court granted reargument of its decision rendered in the instant case (91 AD2d 1114) on January 13, 1983. Subsequent to this court's decision, the Court of Appeals, on March 31, 1983, reversed our earlier decision in *Matter of Eastern Milk Producers Coop. Assn. v State of New York Dept. of Agric. & Markets* (58 NY2d 1097, revg 88 AD2d 149). This reversal directly affects our decision in the instant case (see 91 AD2d 1114) and, upon reargument, we now vacate our decision which granted the application of petitioner and annulled the determination of respondents. The petition should be dismissed and the determination confirmed. In *Matter of Eastern Milk Producers Coop. Assn. v State of New York Dept. of Agric. & Markets* (58 NY2d 1097, *supra*), the Court of Appeals ruled that the Commissioner of Agriculture and Markets disallowance of claims arising after the producer was obligated to sell only on a cash basis (see Agriculture and Markets Law, § 258-b, subd 15; 1 NYCRR 44.4) was "reasonable to prevent depletion of the fund" (*id.*, at p 1101). The existence of a separate penalty provision in the statute does not "preclude the commissioner's disallowance of a producer's claims under subdivision 2. That penalty, applicable only to dealers and not the producers who wrongfully extend credit to them, is but an additional sanction" (*id.*, p 1101). The Court of Appeals further held that the amendment of subdivision 5 of section 258-b of the Agriculture and Markets Law (L 1981, ch 924) "to explicitly permit the commissioner to disallow claims for 'sales of milk by a producer to a milk dealer subsequent to its failure to pay within the time periods prescribed in subdivision two' does not establish that he lacked such power before amendment" (*id.*, p 1101). Accordingly, the determination of respondents denying petitioner's claim for violation of the prompt payment provisions of the statute has a rational basis and is supported by substantial evidence. In view of our decision herein confirming the determination of the commissioner on the grounds that the prompt payment provisions of the statute and regulations (Agriculture and Markets Law, § 258-b, subd 15; 1 NYCRR 44.4) were violated, we find it unnecessary to reach the issue of whether the claim of petitioner was also correctly rejected because of petitioner's alleged improper reallocation of the payment of $30,588.53 received from Lasaponara on or about April 24, 1978. Decision of this court, dated January 13, 1983, rescinded, and order entered thereon, filed February 15, 1983, vacated; determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.