■ In the Matter of EASTERN MILK PRODUCERS COOPERATIVE ASSOCIATION, INC., Petitioner, v STATE OF NEW YORK DEPARTMENT OF AGRICULTURE AND MARKETS et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of Commissioner of Agriculture and Markets which denied, in part, petitioner's claim for payment from the milk producers security fund. Petitioner had filed a claim for $379,391.63 pursuant to section 258-b of the Agriculture and Markets Law against the milk producers security fund alleging said sum to be a balance due for milk sold to Grandview Dairy, Inc., a licensed milk dealer, during October and November of 1979. Following a hearing, the Commissioner of the Department of Agriculture and Markets certified partial payment of $164,253.12 and denied the remainder of the claim. This transferred CPLR article 78 proceeding ensued. Petitioner's contentions that the determination is contrary to law, arbitrary and capricious, and not supported by substantial evidence are all without merit. From the proof in the record it appears that petitioner unilaterally altered its records after Grandview's bankruptcy filing to exchange a quantity of Pennsylvania source milk from its own account with the Renken dairy account, and compensated by crediting its own account with a similar

quantity of New York source milk originally charged to Renken. Petitioner's own officer admitted the sole purpose was to increase its claim against the security fund which could pay only for New York source milk. Based upon an audit of the records of petitioner, Grandview and Renken, which demonstrated the history of quantities of milk purchased from petitioner by each dealer, respondents were able to apportion sales of New York source milk during the two months in question to Grandview and Renken with reasonable certainty. Contrary to petitioner's argument, this apportionment was made after a copious audit of all available records and testimony which clearly established what had been done. It is undisputed that the law permits payments from the security fund only for claims based upon unpaid sales of New York source milk (1 NYCRR 43.1; see, also, *Wickham v Champlain Creameries*, 41 Misc 2d 552, 557-558, affd 21 AD2d 733, affd 14 NY2d 463). By its attempts to inflate quantities of New York produced milk, petitioner acknowledged that the security fund was unavailable for payment for milk produced outside of New York State. Respondents' rejection of petitioner's after-the-fact attempts to change financial records was proper and based upon substantial evidence in the record. Petitioner admitted changing entries on its records which showed $242,000 paid by Grandview was specifically for the October, 1979 milk bill, and instead applied $34,486.43 against the balance on a promissory note dated April, 1978 and $207,513.57 to payment for Pennsylvania produced milk sold in October, 1979. Again, the express purpose was to enlarge its claim against the security fund. This attempt must fail because Grandview specified on each of its four checks the words "October Milk". Only when a debtor fails to specify the purpose of a payment may a creditor apply such payment in a manner it desires (*General Stencils v Chiappa*, 18 NY2d 125, 129; *Bank of California v Webb*, 94 NY 467, 472). In October, 1980, Grandview paid $157,301.34 and, in early 1982, it paid $335,000, all of which petitioner applied to reduction of the promissory note balance. Respondents apportioned payment between the October and November, 1979 milk bills and the promissory note, holding that the sums were paid against Grandview's total indebtedness to petitioner. Petitioner's reliance upon *Matter of National Farmers Organization v Barber* (91 AD2d 761) is misplaced since that decision has been reversed (59 NY2d 866). The Court of Appeals reinstated the commissioner's determination which held sums paid in excess of current bills by a milk dealer must be applied first to the reduction of the claim against the milk producers security fund. Here, respondents found that at the time of filing bankruptcy, Grandview owed petitioner $1,125,765.03 on the promissory note and $1,151,871.48 (after application of the $242,000) for October and November, 1979 milk purchases, the latter debt being 50.57% of the total indebtedness. Since the postfiling payments aggregating $553,506.73 were paid on account of the total indebtedness for all purposes, respondents' allocation of 50.57% to the October and November bills was not arbitrary and capricious; rather it was both reasonable and supported by substantial evidence. Respondents were fully empowered to make these determinations in the prudent administration of the security fund (see *Matter of Eastern Milk Producers Coop. Assn. v State of New York*, 58 NY2d 1097). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.