In the Matter of NORTHEAST DAIRY COOPERATIVE, INC., Respondent, v J. ROGER BARBER, as Commissioner of Agriculture and Markets of the State of New York, et al., Appellants.

Third Department, May 17, 1984

APPEARANCES OF COUNSEL

*Thomas G. Conway* (*Michael McCormick* of counsel), for appellants.

*Hancock & Estabrook* (*Robert A. Small* of counsel), for respondent.

OPINION OF THE COURT

MAIN, J.

In August, 1979, petitioner, a cooperative of dairy farmers, sold 9,664,478 pounds of milk to R & R Schofield (Schofield), a licensed New York milk dealer. Of this amount, 7,899,670 pounds (81.62%) were produced on New York farms and 1,764,808 pounds (18.38%) were produced

on Pennsylvania farms. Petitioner failed to receive payment in full for this milk from Schofield and, in November, 1979, petitioner filed a claim in the amount of $606,798.68 against the milk producers' security fund (fund) pursuant to section 258-b of the Agriculture and Markets Law, which undeniably pays claims only for New York produced milk.* Petitioner also attached Schofield's assets, which were subsequently sold with petitioner collecting the proceeds. Accordingly, petitioner filed an amended claim against the fund, which reflected petitioner's allocation of the proceeds of the sale first against the amounts due from Schofield for the Pennsylvania produced milk and then against the amounts due for New York produced milk. This allocation completely satisfied the debt for Pennsylvania produced milk, but left a claim of $101,501.73 for New York produced milk.

After a hearing, respondents determined that petitioner's allocation of the proceeds was incorrect. Respondents concluded that a proper allocation required that the proceeds from the sale be applied against the debts from New York produced milk and Pennsylvania produced milk in proportion to the amount of milk produced in each State. Thus, 81.62% of the proceeds was applied against the debt from New York produced milk and $47,230.34, the remainder of the debt from New York produced milk, was certified by respondents.

Petitioner commenced this proceeding pursuant to CPLR article 78 to review respondents' determination. Petitioner claimed that as the creditor, it was entitled to allocate the proceeds as it desired and, thus, it was not improper to allocate the proceeds to satisfy the debt from Pennsylvania produced milk before the debt from New York produced milk. Special Term, noting that allocation as urged by petitioner was not prohibited by case law, statute or regulation, agreed with petitioner's position and annulled respondents' determination. This appeal by respondents followed.

Although the general rule is that a creditor may apply a payment toward satisfaction of several debts in any man-

---

* Petitioner acknowledged in its statement of claim that of the $606,798.68 due, $110,665.16 was for milk from Pennsylvania producers.

ner it desires when a debtor fails to specify the purpose of the payment (see, e.g., *General Stencils v Chiappa,* 18 NY2d 125, 129; *Bank of California v Webb,* 94 NY 467, 472), the reversal by the Court of Appeals of our decision in *Matter of National Farmers Organization v Barber* (91 AD2d 761, revd 59 NY2d 866) makes clear that in matters concerning the fund, respondents can allocate such payments in a reasonable manner so as to protect the integrity of the fund even where the payments are not earmarked by the debtor. We believe that, although this case involves proceeds of a sale of the debtor's assets and not a payment by the debtor, respondents' authority to allocate extends to this situation as well to ensure that the fund is administered prudently (see *Matter of Eastern Milk Producers Coop. Assn. v State of New York Dept. of Agric. & Markets,* 58 NY2d 1097, 1100). Thus, respondents' allocation in this case, based on the percentage of milk produced in New York and in Pennsylvania, is reasonable and should be confirmed. We further conclude that the amount certified was correctly computed and properly excluded handling and hauling charges.

The judgment should be reversed, on the law, without costs, the determination confirmed, and the petition dismissed.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed.