■ In the Matter of DAIRYLEA COOPERATIVE, INC., Petitioner, v JOSEPH GERACE, as Commissioner of the Department of Agriculture and Markets, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which partially denied petitioner's claims against the milk producers security fund.

This proceeding involves another claim against the milk producers security fund (the fund) pursuant to Agriculture and Markets Law § 258-b arising out of the 1983 default by Glen & Mohawk Milk Association, Inc. (Glen & Mohawk), a licensed New York milk dealer *(see, Matter of Eastern Milk Producers Coop. Assn. v State of New York Dept. of Agric. &*

*Markets,* 107 AD2d 180). In August 1983, petitioner, a cooperative corporation which sells milk on behalf of milk producers, filed an amended verified claim against the fund for milk delivered to Glen & Mohawk between May 1, 1983 and June 25, 1983. By stipulation, petitioner reduced its claim to $683,708.13, representing $482,127.99 in bulk milk sales and $201,580.14 in packaged milk sales (milk portion only). After hearings were held, respondent ultimately reduced petitioner's bulk milk claim to $385,502.91, disallowing all claims for milk sold after June 13, 1983. Petitioner's packaged milk claim was reduced to $191,041.81.[1] Respondent further offset amounts petitioner owed to Glen & Mohawk and its subsidiary, Fultonville Plastics, Inc. (Fultonville), for packaged milk and plastic jugs, leaving a final allowable claim of $341,649.20. This CPLR article 78 proceeding ensued and was transferred to this court.

Initially, petitioner maintains that respondent erred in disallowing its claims against the fund for milk sold between June 14 and June 25, 1983. This issue, as respondent concedes, was recently resolved against respondent in *Matter of Eastern Milk Producers Coop. Assn. v State of New York Dept. of Agric. & Markets (supra).* The same analysis pertains herein. We note that, as in the *Eastern Milk Producers* case, the record shows that petitioner should have been receiving payment within the bimonthly schedule set forth in Agriculture and Markets Law § 258-b (2) (a) (1). Specifically, Earl Stafford, petitioner's corporate credit manager, stated in his affidavit that petitioner billed Glen & Mohawk on a bimonthly basis from February 1982 through June 1983. It follows that petitioner's bulk milk claim should be limited to the 45th consecutive day for which payment was not received, which appears to be June 14, 1983 *(see,* Agriculture and Markets Law § 258-b [5] [b]). Accordingly, the determination, insofar as it disallowed petitioner's claims arising on or after June 14, 1983, must be annulled and remitted to respondent for further proceedings in accordance herewith *(see, Matter of Eastern Milk Producers Coop. Assn. v State of New York Dept. of Agric. & Markets, supra,* p 183, n).

As to the offsets imposed, we first observe that petitioner acknowledges in its brief that respondent's authority to apply offsets against its claims is consonant with respondent's duty to maintain the integrity of the fund *(see, Matter of Eastern*

---

1. This figure represents the value of the packaged milk sold by petitioner to Glen & Mohawk during May and through June 22, 1983, the 53-day period set forth in Agriculture and Markets Law § 258-b (5) (b). Petitioner does not challenge this part of respondent's determination.

*Milk Producers Coop. Assn. v State of New York Dept. of Agric. & Markets,* 58 NY2d 1097, 1100). The present controversy is created by the amount and nature of the offsets.

Petitioner maintains that respondent overstated the amount it owed to Glen & Mohawk for packaged milk it had purchased. We agree. Although petitioner sold milk to Glen & Mohawk in its packaged form, petitioner's claim against the fund was statutorily limited to the value of the milk portion only, exclusive of processing, packaging and other costs, i.e., "the appropriate uniform price of the milk" (Agriculture and Markets Law § 258-b [5] [b]). The record confirms that petitioner's claim for packaged milk was accepted only as to the milk value thereof, which represented approximately 70% of the total value. During the hearings, the parties stipulated that the amount due from petitioner to Glen & Mohawk for packaged milk (milk portion only) was $135,088.91. In calculating the amount of the offset, however, respondent utilized the total packaged value of petitioner's purchases from Glen & Mohawk, which amounted to $192,867.92.[2] Given that petitioner's claim against the fund was limited to the milk value only, we agree with petitioner's assertion that respondent improvidently utilized the total packaged milk value, rather than the stipulated sum, in calculating the amount of the offset due Glen & Mohawk. The scope of the offset should be measured by the nature of the claim. Indeed, this is precisely how respondent calculated the offset in his initial determination. While we recognize that respondent is charged with the prudent administration of the fund *(see, Matter of Northeast Dairy Coop. v Barber,* 101 AD2d 362, 364), an offset premised on total value is unwarranted under the circumstances. Accordingly, the offset for moneys due Glen & Mohawk from petitioner should be reduced to the stipulated amount of $135,088.91.

Finally, this reasoning also supports petitioner's argument regarding the offset of $42,027.56 due Fultonville, an affiliate of Glen & Mohawk, for products supplied to petitioner. Since that amount represented petitioner's purchase of plastic jugs from Fultonville, it was improperly offset by respondent against petitioner's claim.

Determination modified, without costs, by annulling so much thereof as refused to certify petitioner's claims arising between June 14, 1983 and June 25, 1983, and by reducing the

---

2. This figure represents an estimate based upon the stipulated amount constituting approximately 70% of the total value.

offset for moneys due Glen & Mohawk Milk Association, Inc., and Fultonville Plastics, Inc., from petitioner in accordance with this decision; matter remitted to respondent for further proceedings not inconsistent herewith; and, as so modified, confirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.