■ NAJEH H. SHIHAB, Respondent, v BANK OF NEW YORK, Previously Doing Business as IRVING TRUST COMPANY, et al., Appellants. BANK OF NEW YORK, Third-Party Plaintiff-Appellant, et al., Third-Party Defendant. [620 NYS2d 379] —Order of the Supreme Court, New York County (Leland DeGrasse, J.), entered November 3, 1993, which, *inter alia*, denied the motion by defendant and third-party plaintiff The Bank of New York for an order approving the proposed settlement between it and plaintiff Shihab and allowing defendant and third-party plaintiff to apply funds currently held by it in third-party defendant's Hasiba's account toward that settlement, is unanimously reversed, on the law and facts, to the extent appealed from, and the motion granted, without costs or disbursements.

In 1988, plaintiff Shihab and third-party defendant Hasiba both maintained bank accounts at The Bank of New York ("BNY"). Pursuant to Hasiba's requests, BNY transferred a total of $60,000 from Shihab's account to Hasiba's account

under the mistaken belief that Hasiba held a power of attorney over Shihab's account. Shortly thereafter, Shihab advised BNY that Hasiba was not authorized to make those transfers.

On November 8, 1988, Hasiba authorized BNY to transfer $20,000 back to Shihab. And, on November 29, 1988, Hasiba authorized BNY to transfer an additional $30,000. BNY credited Shihab's account with the remainder of $10,000. In addition, BNY maintains a hold on Hasiba's bank account, the balance of which is $45,266.28

In bringing this action against BNY for $50,000 plus interest, plaintiff asserted that the $50,000 returned by Hasiba did not constitute a reversal of the unauthorized transfers but constituted repayment of a prior debt owed to him by Hasiba. The total amount including the interest from 1988 claimed was approximately $75,000 in July 1994.

BNY and Shihab negotiated to settle the plaintiff's action for $60,000 on the condition that BNY obtain both court approval and permission to apply the funds in Hasiba's account toward the settlement. The IAS Court granted BNY's motion for default judgment against Hasiba, but *sub silentio* denied BNY's motion to the extent it sought approval of the proposed settlement and permission to apply the funds in Hasiba's account to the settlement.

It is well-settled that "a creditor may apply a payment toward satisfaction of several debts in any manner it desires when a debtor fails to specify the purpose of the payment" *(Matter of Northeast Dairy Coop. v Barber,* 101 AD2d 362, 363-364). Shihab alleges that he applied those payments towards a prior debt of Hasiba's. Without Hasiba's testimony to confirm that the purpose of the November transfers was intended only as repayment of the unauthorized transfers, BNY concedes it has no defense to Shihab's action.

Pursuant to statute and the terms of Hasiba's account agreement with BNY, BNY is entitled to apply the funds in his account to the settlement of Shihab's claim *(see,* Debtor and Creditor Law § 151).

The set-off is warranted by Hasiba's failure to appear in the third-party action for indemnification because, " 'if the indemnitor [Hasiba] is given notice of the claim or proceeding against the indemnitee [BNY] and declines to defend, then the indemnitor is bound by any reasonable good faith settlement the indemnitee may make *(Feuer* v. *Menkes Feuer,* 8 A D 2d 294, 299; 28 N. Y. Jur., Indemnity, § 32)' " *(Baker v Northeastern Indus. Park,* 73 AD2d 753, 754).

The proposed settlement for approximately $15,000 less than Shihab's claim must be deemed to be one made in " 'reasonable good faith' " *(supra,* at 754). Further, Hasiba was notified of the claims and proceeding against BNY, by the service of the third-party summons and complaint in 1992. He was also served with the terms of the proposed settlement by notice of BNY's initial motion and a motion to reargue. However, although a significant amount of time has passed he has taken no steps to protest those terms.

Accordingly, since he has declined to defend, he must be deemed to have been bound by the reasonable good faith settlement entered into by BNY *(see, Baker v Northeastern Indus. Park, supra).* Concur—Murphy, P. J., Sullivan, Rosenberger and Asch, JJ.