■ In the Matter of Fred Mabery, Appellant, v Glenn S. Goord, as Commissioner of the New York State Department of

---

Correctional Services, et al., Respondents. [669 NYS2d 449] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered February 26, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents calculating petitioner's maximum sentence expiration date.

Petitioner is currently serving two concurrent terms of imprisonment, the longest of which has a maximum of 25 years, for his 1974 conviction of the crimes of robbery in the first degree and grand larceny in the third degree. The sentences were to run consecutively to two concurrent terms of life imprisonment imposed by a North Carolina court in 1972 (see, Matter of Mabery v Mann, 197 AD2d 736, appeal dismissed 82 NY2d 888). After petitioner was released by North Carolina and received in New York by the Department of Correctional Services on December 5, 1988, respondents calculated his maximum sentence expiration date to be December 3, 2013, with a tentative conditional release date (based on possible good-time credits) of August 3, 2005.

Petitioner contends that respondents erred in failing to set these dates in accordance with Penal Law § 70.30 (former [1] [c]) (as added by L 1965, ch 1030), which established an aggregate maximum term of 30 years for consecutive sentences involving two or more crimes, one of which (as here) was a class B felony. Application of this provision to his consecutive New York and North Carolina sentences, petitioner maintains, requires that his maximum sentence expire in 2002, with a conditional release date in 1992 (based on his 1972 North Carolina sentence) or in 1994 (based on his 1974 New York sentence). We agree with Supreme Court that the law does not support this argument.

As respondents point out, the statutory subsection relied upon by petitioner was never intended to allow the reduction of a sentence with a life maximum to the specified 20 or 30-year limit, because to do so would frustrate the purpose behind authorizing and imposing a life sentence in the first place (see, Preiser, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.30, at 141 [1967 ed]). Moreover, were the cited provision to be applied as petitioner urges, an individual sentenced to a single life term alone would be required to serve that sentence as imposed, while another person, sentenced to two consecutive terms of imprisonment, one or both of which had a life maximum, would have his or her sentence truncated to a maximum of 20 or 30 years; the stat-

ute cannot be construed to produce such an absurd result (*see, Matter of Roballo v Smith*, 63 NY2d 485, 489). Nor does the mere fact that the section was later amended to expressly exclude those convicted of a class A felony (*see*, Penal Law § 70. 30 [1] [c], as amended by L 1978, ch 481, § 24) necessarily mandate a different conclusion (*see, Matter of Eastern Milk Producers Coop. Assn. v State of New York Dept. of Agric. & Mkts.*, 58 NY2d 1097, 1101; *Matter of Pandick*, 163 AD2d 734, 736).

Petitioner's remaining arguments, to the extent they are properly before us, have been examined and found to be lacking in merit.

Mikoll, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.