HSBC Bank USA, N.A. v Nomura Credit & Capital, Inc. (2025 NY Slip Op 00157)

HSBC Bank USA, N.A. v Nomura Credit & Capital, Inc.

2025 NY Slip Op 00157

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Pitt-Burke, Higgitt, Rosado, Michael, JJ. 

Index No. 650337/13, 595359/14 Appeal No. 3467-3468 Case No. 2024-00081, 2024-03496 

[*1]HSBC Bank USA, National Association etc., Plaintiff,
v
Nomura Credit & Capital, Inc., Defendant.
Nomura Credit & Capital, Inc., Third-Party Plaintiff-Respondent-Appellant,
v
Wells Fargo Bank, N.A., Third-Party Defendant, Ocwen Loan Servicing, LLC, Third-Party Defendant-Appellant-Respondent.

Chelney Law Group PLLC, New York (Stan Chelney of counsel), for Ocwen Loan Servicing, LLC, appellant.
Dentons US LLP, New York (Amianna Stovall of counsel), for Nomura Credit & Capital, Inc, appellant.
Constantine Cannon LLP, New York (Joel A. Chernov of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about September 19, 2023, which, insofar appealed from, denied the motion of third-party defendant Ocwen Loan Servicing, LLC, for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs. Order, same court and Justice, entered on or about April 17, 2024, which denied the motion of defendant/third-party plaintiff Nomura Credit and Capital, Inc. for an order holding that Ocwen is bound by Nomura's settlement of plaintiff's claims and cannot demand that the court conduct a trial of Nomura's liability, unanimously affirmed, without costs.
With respect to the 2023 order, Supreme Court providently exercised its discretion in considering an unpleaded theory on the motion for summary judgment dismissing the third-party complaint because there was no surprise or prejudice (see CPLR 3025[b], [c]; Rustic LES, Inc. v 124 Ridge LLC, 201 AD3d 579, 580-581 [1st Dept 2022]; Valenti v Camins, 95 AD3d 519, 522 [1st Dept 2012]). Here, Ocwen was neither surprised nor prejudiced by the allegations of misconduct that served to defeat its motion. The third-party complaint quoted an April 2014 letter from the New York State Department of Financial Services to Ocwen; the letter, in turn, mentioned a conflicted business relationship between Ocwen and Hubzu, an online auctioneer. Hence, Ocwen cannot have been surprised that Nomura's expert mentioned Hubzu in his expert reports, nor could Ocwen have been prejudiced by that fact (see Valenti, 95 AD3d at 523; see also Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]).
Similarly, although the third-party complaint did not mention force-placed insurance (FPI) or lender-placed insurance (LPI), two of Ocwen's fact witnesses were questioned at some length during their depositions about FPI or LPI. Thus, Ocwen failed to establish that it was prejudiced by the motion court's consideration of this issue (see Santana v Metropolitan Transp. Co., 170 AD3d 551, 552 [1st Dept 2019]; see also Valenti, 95 AD3d at 522-523; compare Valette v Correa, 216 AD3d 500, 500-501 [1st Dept 2023]).
We reject Ocwen's contention that the court should have granted its motion for summary judgment because Nomura failed to identify loan-specific evidence of Ocwen's misconduct. At trial, Nomura will have to prove, on a loan-by-loan basis, that Ocwen's bad faith, willful misfeasance, gross negligence, or reckless disregard exacerbated damages that Nomura had to pay to plaintiff (see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 38 NY3d 169, 178-179 [2002]). However, this appeal is not from a result at trial, but from denial of Ocwen's summary judgment motion. As the movant, Ocwen had the burden to show that the third-party claims had no merit (see CPLR 3212[b]). Thus, to prevail on its motion, Ocwen had to show that (1) none of the loans in the trust were subjected to FPI involving kickbacks, and (2) none of the properties in the trust incurred above[*2]-average fees because of Hubzu. Ocwen showed neither.
Ocwen failed to preserve its argument that the court erred by denying summary judgment based solely on inadmissible hearsay (see Benavides v Uniondale Union Free School Dist., 95 AD3d 809, 810 [2d Dept 2012]; see also Greca v Choice Assoc. LLC, 200 AD3d 415, 415-416 [1st Dept 2021]), and we decline to address the issue.
We have considered Ocwen's remaining arguments on its appeal from the 2023 order and find them unavailing.
As to the 2024 order, Supreme Court properly declined to treat the third-party action as an indemnification case. Nomura's claim that Ocwen's bad faith exacerbated the damages that Nomura had to pay plaintiff is not an indemnification claim (see Matter of Part 60 RMBS Put-Back Litig., 195 AD3d 40, 54 [1st Dept 2021]). Unlike an indemnitor, Ocwen had no control over either Nomura's defense against plaintiff's claims or Nomura's settlement with plaintiff (see Feuer v Menkes Feuer, Inc., 8 AD2d 294, 299-300 [1st Dept 1959]; cf. Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 74 AD3d 32, 41 [1st Dept 2010]; Shihab v Bank of N.Y., 211 AD2d 430, 432 [1st Dept 1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025